UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 13-286 |
| KANUBHAI PATEL | SECTION: R |

## ORDER AND REASONS

Defendant Kanubhai Patel moves to amend certain conditions of his pretrial release. Specifically, Patel seeks to move to San Antonio, Texas prior to his February 24, 2016 sentencing. He also requests discontinuation of electronic monitoring. The Government does not object to Patel's move, but contends that the electronic monitoring condition should remain in place. For the following reasons, the Court DENIES Patel's motion.

### I.  BACKGROUND

Patel was indicted by a grand jury on one count of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(2) and (b)(1). On October 16, 2014, Patel appeared at an arraignment before a Magistrate Judge,

who released Patel pending trial, subject to several conditions.[1] The conditions included Patel's submitting to pretrial supervision and electronic monitoring, limiting his residence to the Eastern District of Louisiana, remaining on home detention, and posting a $50,000 secured bond.[2] On July 1, 2015, Patel pleaded guilty to a superseding bill of information, which charged him with benefitting financially from trafficking in persons, in violation of 18 U.S.C. § 1593A.[3] At Patel's rearraignment, the Court ruled that he be released on bond pending sentencing, subject to the same conditions that the Magistrate Judge imposed at the arraignment.[4] Sentencing is scheduled for February 24, 2016.

Patel now requests that the Court modify the conditions of his release to permit him to move to San Antonio, Texas, where he wishes to spend time with his wife and children prior to sentencing.[5] Patel also asks the Court to remove the electronic monitoring condition of his release.[6] The Government does not object to Patel moving out of the Eastern District of Louisiana, but it

---

[1] R. Doc. 131.

[2] R. Doc. 130.

[3] R. Doc. 224.

[4] *Id.*

[5] R. Doc. 241.

[6] *Id.*

opposes discontinuation of electronic monitoring.[7]

## II. DISCUSSION

At Patel's October 16, 2014 arraignment, the Magistrate Judge ordered that he be released pending trial subject to several conditions, including that he remain on home detention in the Eastern District of Louisiana and that he submit to electronic monitoring. On July 1, 2015, Patel pleaded guilty to one count of benefitting financially from trafficking in persons, a crime that carries a maximum sentence of up to five years imprisonment. *See* 18 U.S.C. § 1593A. Though the Court permitted Patel to be released on bond pending sentencing, it ordered that he comply with each of the terms of supervision originally imposed by the Magistrate Judge.

Patel now asks the Court to reconsider this ruling. Though he has been convicted of a serious offense that carries a potential term of imprisonment, Patel seeks to have his release terms modified to permit him to leave this jurisdiction and discontinue electronic monitoring. Patel has not identified any change in circumstances that might support this extraordinary request. Rather, he relies primarily on his history of compliance with the terms of his

---

[7] R. Doc. 248.

release, noting that he "has been on bond subject to home confinement for a year without a single violation of his bond."[8]

In determining matters of presentencing detention and release "courts routinely discount compliance with pretrial release conditions." *United States v. Adenuga*, No. 3:12-CR-313-P, 2014 WL 349568, at *5 (N.D. Tex. Jan. 31, 2014). Conviction displaces the presumption of innocence that a defendant enjoyed prior to trial or guilty plea. This change in legal status removes the possibility that the defendant might avoid criminal punishment--subject to appeal--which increases his incentive to flee. *See United States v. Manso-Portes*, 838 F.2d 889, 889 (7th Cir. 1987) (noting that "once the defendants have been convicted, their incentive to show up is reduced because there is no longer a possibility of obtaining vindication"); *United States v. Garcia Garcia*, 727 F. Supp. 318, 320 (N.D. Tex. 1989) (concluding that once a defendant has been convicted "[t]he hope for leniency or victory at trial no longer exists to counterbalance the incentive to avoid criminal punishment by fleeing the jurisdiction"). Here, Patel has pleaded guilty to one count of benefitting financially from trafficking in persons, in violation of 18 U.S.C. § 1593A, so criminal punishment is certain. Moreover, Patel's conviction

---

[8] R. Doc. 241 at 1.

4

subjects him to the possibility of a substantial prison sentence, which further increases his incentive to flee.  For these reasons, the Court finds that Patel's history of compliance with his release terms, though commendable, does not warrant the modification of conditions that he seeks.  Patel's motion is denied.

## III.  CONCLUSION

For the foregoing reasons, defendant's Motion to Amend Conditions of Bond is DENIED.

New Orleans, Louisiana, this  7th  day of January, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE